May it please the court, my name is Deborah Kofsky, APAP. I represent Nestle Waters North America, Inc. and I'd like to reserve three minutes of my time. Sure. Thank you. The issue before the court today is straightforward. Did the appellee debtor Mountain Glacier comply with this court's requirements as set forth in Browning v. Levy? And Browning sets the standard of disclosure that a debtor owes to its creditors with respect to litigation claims. If a debtor wants to be able to pursue claims that had belonged to the debtor's estate after confirmation of its bankruptcy plan, it needs to disclose those claims in the plan to its creditors with enough information. Were you a creditor? Nestle Waters was a creditor in the case. So why didn't you object? There was nothing to object to for Nestle Waters until the debtor sought to bring a claim against Nestle Waters, at which time it did raise the issue of raised judicata to the debtor, leading to the instant lawsuit. Okay, I'm misunderstanding the procedural history. They brought the claim, right, against, Mountain Glacier brought the, or Nestle Waters brought the claim, they filed a counterclaim. Correct, Your Honor, and this was all pending pre-bankruptcy. Pre-bankruptcy. So in the bankruptcy, they provided this notice that you're objecting to, correct? And they listed the claim. What to list the existence of the claim. What it did not do was give creditors information to enable the value of the claim to be taken into account. They said it was of unknown value, if I remember correctly. Is that right? They said it was unliquidated and of unknown value. Isn't that true of all kinds of claims that a debtor might reserve? I mean, surely, you know, most claims being claims haven't been reduced to judgment, right? Absolutely, Your Honor. Most claims have not been reduced to judgment, but in this case, certainly, and in many cases, the debtor has a very good idea of what the range of values might be. Do you have a case that says the debtor has to specify some sort of reasonably accurate monetary value in order for the reservation to be effective? Well, the court in Crowley, which is one of the cases that we cite in our papers, does suggest that the debtor should some sort of valuation to the claim. But Browning is pretty broad. What it says is that the debtor has to give the creditors enough information to take the value into account. And that's flexible enough to be adapted to the facts and circumstances of different cases. And in a case like this one, where the claim was actually already pending pre-petition, and the debtor knew exactly what it was to make. I mean, it is a bit odd to hear that perpetration, right? Absolutely. And there was no harm to you, certainly, in this regard. Well, the question really isn't whether there's harm to Nestle, but whether the debtor met its duty of disclosure. What was the biggest fault for this? What the debtor put into the record? I'm sorry, I didn't know. What is the biggest fault that doesn't comprehend through Benjamin? I'm sorry, I'm afraid I don't understand the question. What is the biggest problem with what the debtor put into the court in this report accounting and so forth? The biggest problem with the debtor's disclosure is that the debtor didn't give creditors any of the relevant information to let them assess the value of the claim. Didn't tell them what the factual basis was. Didn't tell them the amount it had demanded in the arbitration. Then the debtor turned around and proposed a plan to its creditors and asked its creditors to vote on a fixed 10% distribution. Creditors voted on that distribution without having all of the necessary facts. I mean, this just, I'll be candid, this just has the feel of a fictive injury. I mean, here we have Nestle who's in the arbitration, no harm to them. Nobody else is complaining. I mean, this just really feels not very real, I have to confess. Am I missing something? Is there some real injury that's out there that we should be concerned about? Other than Nestle having to defend the claim? Absolutely. There's a real injury to the bankruptcy process. There's a real injury to creditors. Why couldn't, if the creditors wanted more information, there's a process in the bankruptcy court to object. Not a single creditor objected to this disclosure, correct? To my knowledge, they did not. Including Nestle Waters, correct? Who had all the information you're asking for because you were the one on the other end of the suit. Correct, Your Honor, but the issue is not whether Nestle had the information, but whether the debtor met its duty of disclosure to creditors. This is something that enables a debtor... Where in the statute itself does it say that they have to provide all this information you're now asking for? This is not something in the statute. This is something from this court's own decision in Browning v. Levy. Do you have that in front of you? The court's decision in Browning? I do. So look at the end of it because it says, we therefore conclude that NW's blanket reservation does not defeat the application of res judicata, right? This wasn't a blanket reservation like in Browning. But throughout the case, the court explained why that blanket reservation... Correct, Your Honor, and a blanket reservation isn't sufficient for the same reason that this debtor's reservation isn't sufficient. It didn't give creditors any information about the value of the claim that the debtor now seeks to pursue. But they didn't know the value at the time and someone could have objected. You had enough... A general reservation is, we reserve all claims. Well, we don't know what claims you're reserving at that point, whereas here they said, we have a counterclaim against Nestle Waters we're reserving. Correct? It did say that, yes, Your Honor. However, it did not give creditors any information that would allow them to assess that claim, that would allow them to... I don't know, I mean, it's not in the statute, this requirement that you're focused on. It's not in the statute. It seems to be a fairly tendentious reading of the case law and it's an injury-free concern, it seems. I mean, is there any case besides Browning that makes clear that this judicial gloss is something that matters in a case where nobody complained about it? Certainly, all of the cases following Browning have focused on the same issue and the reason why that's... Wait, on this precise concern that somebody could not assess the monetary value of a claim? Absolutely, and those are cases that we've cited in our papers and... Not a single one's a Sixth Circuit case, right? Not Sixth Circuit Court of Appeals, but within the circuit courts... Oh, we review those, frankly, you know? I mean... The reason why Browning is good policy matters. If this court allows... Is that a concern you should take up with Congress, if it's good policy? I mean, our job is just to look at the law Congress has passed. And this court did that when it decided Browning be levy. A case in which, by the way... And are we bound... Let me ask you this. Do you have any case law that says we're bound by the reasoning and not the holding? We're bound by the holding, correct? We both agree on that? Yes, Your Honor. Do you have any case law for the proposition that we're bound by the reasoning? No, Your Honor, but the reasoning is persuasive. Browning was correctly decided and there's no reason to upset that jurisprudence, particularly in a case like this one, where creditors were not given information about the value of a claim, even though the debtor knew the value of the claim. They knew about the existence of the claim and they didn't object, correct? We agree on that. They knew about the existence. No one's claiming they didn't know the claim was out there. Many bankruptcy cases involve a lot of small creditors. Just because no creditor is alert enough or invested enough in a case doesn't mean that the debtor doesn't have a duty of disclosure. That's the fundamental bedrock principle of the bankruptcy process. You're suggesting that they might not have read the thing, then it really is harmless error that there wasn't some effort to, you know, say how much the claim was worth. I'm not suggesting that creditors didn't read it. I'm suggesting that just because creditors were not invested enough to make it cost effective to object to the plan, to object to this disclosure or to demand more information, or perhaps didn't understand the import of this. Didn't understand. Okay. Do you have any other arguments you want to focus on in your time for argument? Well, the two things that I wanted to focus on with the court. First, that Mountain Glacier breached its duty of disclosure because it didn't give creditors enough information to let them know what this claim was worth. We got that one for sure. As a result of that breach, as a result of that breach, the debtor is seeking a windfall at the expense of its creditors. It asked creditors to vote on a plan where they would get a fixed distribution of 10%. So if there's recovery on this claim that the debtor is pursuing against Nestle, that doesn't benefit creditors at all. Well, that's what happens when, you know, they can reserve their claims. Sometimes when a debtor reserves a claim, the creditors will get a bump if there's a breach. What trust for the benefit of creditors? That didn't happen here. The creditors were asked to vote on a fixed 10% distribution without having all of the facts. That's contrary to Browning. That's bad policy and that opens the door to abuse. Why didn't Nestle Waters object? You're a creditor. Nestle Waters didn't object to the plan because until there was an attempt by the debtor to re-institute the arbitration, from Nestle's perspective... Wait, you knew it was existing pre-bankruptcy. You knew it was part of the bankruptcy since it was listed. And you didn't object and say this doesn't have sufficient information. That's correct, Your Honor. From Nestle's perspective, the harm was not in whether there was a disclosure in the bankruptcy plan, but rather once the debtor tried to re-institute arbitration. It's sort of like the court said in K.V. Carlyle, which is another case that was following Browning, where the court said that the nondisclosure deprived creditors other than the defendant of an opportunity to evaluate the plan. That's the focus. Did the debtor meet its duty of disclosure to other creditors, regardless of whether... Did the Browning case suggest that the debtor has to quantify that outstanding claim? The Browning case says that the debtor has to give creditors enough information to value the claim. And I suppose that could vary on a case-to-case basis in terms of what exact information is required, but it absolutely says creditors have to be given enough information to take the value of the claim, not the existence of the claim, the value of the claim into account. And it's not the duty of creditors to go out and investigate and perform due diligence and try to figure out what assets the debtor has. The debtor is the one that sought out the benefits of the bankruptcy process. The debtor is the one with the duty of disclosure. The debtor is the one that should come forward and tell creditors, these are my assets, these are what they're worth, this is what I'm proposing to pay you. Because that's the only way that creditors can make an informed decision about whether to vote in favor of the plan. Whether Nestle benefits incidentally doesn't change the debtor's duty, and in this case, it wasn't met. Okay. Very well. You'll have your rebuttal. Mr. Norton. Thank you, Your Honor. May it please the Court, I'm Bill Norton, representing Mountain Glacier, the debtor in this case. I'd like to first address there's a disagreement as to the standard of review for this Court. The appellant is arguing that it should be de novo review. We believe it's a discretion, abuse of discretion standard that the Court should apply. And in support, actually, is Judge Donald's case in just this year, CONCO, which lays out all the requirements and discusses the interpretation of a plan, should be reviewed with deference. You all agree what's in the plan. What Nestle Waters complains about is that the courts didn't follow the law, and that's de novo review, correct? They're not disputing what's in the plan. Well, I guess it's what Judge Walker, the bankruptcy judge, ruled was interpreting the plan. He provided sufficient disclosure. That's a legal question. I don't see what the, he's not saying there's certain, he's not making a discretionary call. He's looking at what both sides agree was put in and making a legal determination. Well I guess to me it's a very thin line there in interpreting what the plan says and what whether it meets the requirements of 1123. 1123 is the provision that says a plan may reserve claims. And that's really all it says, is that it can reserve the claims. So then the question is whether the plan sufficiently did that. That's de novo, isn't it? That's a question of law? Well, I guess if you assume that the facts under the plan are not in dispute, then maybe it's just applying that into the law. They dispute that the plan adequately disclosed what was provided. Of course, the plan itself isn't in dispute. It's just the application of the language that would be. And then secondly, they overstate, I think, the holding in Browning. In what is required under 1123B3, is the court All the cases post-Browning, I think they said something like 15 of them. And a lot of those put in that you should include the value and other things to preserve your claim. You're a sophisticated party with sophisticated lawyers. Why? I mean, why shouldn't we think you'll follow those cases and know about them? Well, the case in Middle District, Tennessee is Judge London and Penn Holdings. And Judge London said, Browning does not establish a general rule that naming its defendant or stating the factual basis for each cause of action are the only ways to preserve a claim. So frankly, that was what I was relying on. And what we did was, there was a retention provision within the plan, but this was an important cause of action. So we specifically defined it as a cause of action under section 202, 2.02 of the plan. Then, beyond that, we went further and described it in the disclosure statement. Then we went further and stated in a provision that dealt with the transfer of the claim in 8.02, that transferred that cause of action to the reorganized debtor. And so the identification of it made it clear where the court, where it was pending. All of those factors, we felt, were more than cause of action to the reorganized debtor. Now, whether it was also required to establish the value, which we said we didn't really know what the value was in there, really, I guess, becomes an issue of, well, what's the purpose of this, of this transfer? Is it to make it sure that the defendant is not surprised, and has an opportunity to object to the continuation of this lawsuit? Or, if the debtor were to ignore it and not state anything, then perhaps it shouldn't be continued, and then res judicata may apply. Or finally, the third option is to transfer it. And transfer it, who needs to have an understanding of what's being transferred? The defendant does. Now as to value, there's another provision of the bankruptcy code that deals with that, and that's adequate information required under a disclosure statement. And the court has a hearing before the confirmation of a plan that states whether that provides adequate information. Creditors are given 28 days' notice for that. They can object and say, you're not providing us enough information as to the value of this claim. What section of the code are we talking about right now? 1125, for the approval of a disclosure statement and adequate information that's required in that. So that is a whole process of getting the plan confirmed that they just totally ignored. Is it your experience that the question of whether there's enough information to assess a claim's value, a reserve claim's value, is that something that comes up in those 1125 receipts? In fact, one of the specific elements of 1125, you provide a liquidation analysis. So we are required to provide, what are the administrative claims, what are the unsecured claims, and what's the value of the assets to the best of our knowledge. That's why we put in there, we don't really know, but it was necessary for the disclosure to put some kind of, at least address what we believe the value to be. That was done in the disclosure. There was no objection. We went through the process. It was approved. Then creditors can vote on the plan with that disclosure, similar to a prospectus that's required in the securities market. Then there's voting on the plan for creditors to be able to... Your argument then, just so I understand it, is that this should have been an 1125 objection to the bankruptcy court rather than a Browning argument to this court. That's correct. I think Browning is correct in which the court said, and of course they ultimately looked at it and said, they went through the res judicata elements of whether res judicata was the factor, but then went on to say, well res judicata is not important if the claim has been transferred. In this case, it goes on, a general reservation of rights, as it was in Browning, is not sufficient. Clearly we have to do more, but there was nothing, as the appellant says, they said that none of the other information that Browning requires was provided. Well, there is no other information that Browning requires. Only that the holding is the general reservation is not sufficient, and particularly if all you're trying to argue is that it's being transferred, because the arbitration was stayed. It wasn't, just remind me if you can, it wasn't sufficient in that case because creditors wouldn't have known that the debtor was reserving that claim at all. Is that fair? I mean, they just weren't aware that that... In that case... In other words, they weren't aware that it was a reserved claim, as opposed to they knew it was reserved, but they had no idea how to value it. Is that a correct understanding? That's correct, and in that particular case, of course, it was just in a general retention language that said all other causes of actions are retained, and there was never any identification as to what it's been. Now, what do you do with the language about that it says it wasn't sufficient because it did not enable the value of NW's claims to be taken into account in the disposition of the debtor's estate? That's the language your opponent relies upon. That's right, and I don't, well, first of all, I don't believe that was in the context of what we're talking about here because, again, 1123 just authorizes the transfer of the claim, and certainly they need to be aware that their claim has been transferred, but the information that is necessary for all the other creditors is not under 1123, it's under 1125, and that's the disclosure statement and the information that is being provided. It would seem to be a pretty strange system if the first time this sort of objection would be raised would be after, you know, after everything's over and we're here in the Sixth Circuit and the case, you know, is closed in the bankruptcy. I can't explain. We were stunned that they never filed a proof of claim. We were stunned that they just waited to the very end and then raised this objection, and that's why we brought the declaratory action for the court to make a determination to confirm that, in fact, so that the arbitrator would know that, in fact, this plan or claim has been resolved. Now, if for some reason the court were to conclude that we didn't properly reserve our claim, I would point out that there's been no real finding as to whether residue to COTA principles have or even... I think we understand that. Just out of curiosity, what happens if we were to rule in your opponent's favor? They could still proceed against you, but you wouldn't have a counterclaim? Or did their rights extinguish in the bankruptcy? Their rights clearly were extinguished because they didn't file a claim. So there was a discharge granted by the plan that allowed distribution to allow claims, and if you didn't file a claim, you don't share in that distribution. And you proceed on the counterclaim? That is what we're doing. We brought it to the attention of the arbitrator that we wanted to proceed. They said, no, wait a minute, you didn't appropriately transfer it. So that's when we brought the declaratory action to have this matter resolved. That's still under stay? That's... Well, no, not under stay. Actually, the arbitration, they sought to stay it. The court, I believe it was Norris, Gibbons, and Sutton just all ruled to deny the stay. And basically holding that, in their view, there was no likelihood of success on their merits for the very reasons that we're talking about right now. That the Browning court did not require anything more than just stating that it was a blanket reservation was not sufficient and that our plan otherwise did do sufficient identification of the matter to allow it to go forward. What happens if this gets approved on your position? There's actually an arbitration going on this week. That was my question. Yes. And that is our claim against Nestle is being pursued. And the arbitrator went ahead and said, I'm going to allow this to go forward, notwithstanding this appeal pending. Okay. I think we're all set. All right. Thank you, Your Honor. Your Honor, there's a couple of points that I'd like to address from Mount and Glacier's presentation. First, the case that counsel cited to in the middle district of Tennessee in Ray Penn Holdings, it's a bankruptcy level case and it's been criticized by the district court in the middle district for Tennessee, specifically for its failure to follow Browning. Well, I mean, in the limited time we have, why isn't Mr. Norton right that this is an 1125 objection issue for the bankruptcy court, which could have and should have been dealt with then, rather than a Browning argument to present to us now after the bankruptcy case is over? Because Browning doesn't address section 1125. But why doesn't, okay, let's set Browning aside. Why doesn't 1125 precisely address the concern you're raising? Because if this claim actually were taken out of the picture, if this claim were not something that the debtor was trying to preserve for its own benefit instead of for the benefit of creditors, if it were simply put to the side, the rest of the plan did have sufficient information, presumably, to pass muster under 1125. 1123 and Browning only come into play when the debtor, after the fact, decides to try to pursue a claim that it turns out was not actually disclosed adequately in the plan itself. That's exactly what happened in Browning. It was disclosed, and the question is whether it was adequate. And there is, to Judge Keplech's point, there is a mechanism in the bankruptcy by which you can get more information about any individual thing or the whole thing, if you'd like it, correct? There is a mechanism. A creditor could ask more questions. The same could have been said of creditors in Browning. There was a disclosure that the debtor was reserving all the claims. Well, see, the problem, I think, the problem here is that in Browning, as I understand it, the creditors didn't know that the claim had been reserved at all. Right? I'm not sure that that's a fair statement, Your Honor, because there was a broad reservation. It wasn't that they didn't know it was worth X rather than Y. It's that they didn't know the reservation reached the claim. Isn't that fair? They didn't know the specific claim that the reservation reached. Right. So there was a claim that the debtor later said was reserved that creditors had not even, had not realized was reserved at all. Can we agree on that? They certainly did not know about this specific claim. Right. So I think that's a yes. And that means the value of that claim, they could not take the value of that claim, and that is the language here. I think what the Court's saying, they couldn't take the value of that claim into account because they did not know the claim had been reserved at all, which is not our situation here. Well, they knew that any claim that the debtor might hold had been reserved or had been attempted to be reserved. In this case, they knew that there was a claim that the debtor was attempting to reserve, but what they didn't know was anything about the claim or its value. They knew in this case a whole lot more than they knew in Browning, right? I mean, they knew there's an arbitration over in Chicago or wherever it is, and, you know, I mean, they knew a lot, way more than in this case, about the existence. Is that fair? About the existence. They knew about the existence of the claim, but that's not what Browning says. Well, I know. Well, you know, we'll see what Browning says. Okay. Thank you very much for your arguments. Case to be submitted.